ISAAC I. LEWIS and another *vs.* CHARLES J. BARTLESON.

July 3, 1888.

Taxes—Action to Determine Adverse Claim under Tax Title—Requisites of Complaint—Possession.—Chapter 127, Laws. 1887, confers upon the owners of land the right, without regard to the facts as to possession or occupancy, to prosecute an action against one asserting an adverse claim under tax proceedings, to determine such adverse claim. In such an action, the complaint need not set forth specifically, as in a suit to remove a cloud, the particular tax deed or proceedings upon which the hostile claim is based.

Appeal by plaintiffs from an order of the district court for Hennepin county, *Lochren*, J., presiding, sustaining a demurrer to the complaint.

*Francis G. Burke*, for appellants.

*Charles J. Bartleson*, for respondent.

DICKINSON, J. This is an appeal from an order sustaining a demurrer to the complaint. The sufficiency of the complaint depends upon the construction to be given to chapter 127, Laws 1887, which declares that "it shall be lawful for any person having or claiming title to any land, whether in his possession, or whether it is vacant or unoccupied, or in the possession of any other person, to commence and maintain, at any time, an action against any person who claims any title or interest in said land, or lien upon the same, adversely to him, by or through any tax certificate or tax deed, heretofore or hereafter made, to test the validity of the tax sale or tax judgment under which the same was made, to quiet his title to said land as against [such claims of such] adverse claimant, and to remove a cloud from his title arising from such tax certificate or tax deed, * * * notwithstanding any and all laws heretofore passed which limited the time within which such action might be commenced or defence interposed." In this complaint it is alleged that the plaintiffs are the owners in fee of the land in controversy; "that the defendant claims some right, title, or interest, in * * * or lien

upon the same, adversely to these plaintiffs, * * * by and through certain pretended tax certificates or tax deeds, * * * and not otherwise;" and that the same are invalid. There is no more particular averment concerning the tax certificates or deeds, nor is there any averment as to the possession or occupancy of the land. The complaint is claimed to be insufficient because it does not specify the deeds or certificates referred to as invalid; the respondent contending that the above statute was not intended to enlarge the scope of the statutory action, as previously existing, to determine adverse claims, but that the action is to be deemed an ordinary action to remove a cloud upon title.

We are of the opinion that, in addition to the manifest purpose of the legislature in respect to previously-declared limitations upon actions, it was intended by this act to authorize one asserting and showing a title to land to prosecute an action to test and determine the validity of adversely-asserted tax titles or interests, without regard to the possession or occupancy of the land; and that in such an action, as in the familiar statutory action to determine adverse claims, the defendant may be required to set forth such tax titles or interests as he may wish to oppose to plaintiff's claim of title. Upon this construction of the act, the complaint was sufficient; and the order sustaining the defendant's demurrer is reversed.