STATE OF MINNESOTA v. ROBERT P. LEWIS COMPANY.

April 27, 1898.

Nos. 10,986—(35).

72    87
s77   317
77    318
72    87
s82   392
82    403
82    404
72    87
f84   54

**Sp. Laws 1885, c. 110, § 26—Municipal Corporation—Water Frontage Assessment Law—Constitution.**

Section 26, c. 110, Sp. Laws 1885, generally known as the water-frontage tax or assessment law, is not unconstitutional or void on the ground that it applies a uniform rate of assessment as to all lands within the city limits.

**Same—Power of Legislature—Rate per Front Foot.**

The legislative power in respect to taxation was properly exercised when the rate of assessment, annually, at ten cents per lineal foot of frontage, was arbitrarily fixed in said section, and the city authorities were compelled to make such assessment.

**Same—Interpretation of Law—"Lot"—Unoccupied Pasture Land.**

The word "lot," found in said section 26, is synonymous with the word "tract" or "parcel." A tract or parcel of land of 65 acres, abutting on streets on three sides, and alleged to be "vacant, unoccupied pasture land," is assessable, under the statute, when water pipes or mains have been laid in the streets opposite the same.

**Same—Conduit to Conduct Water to City.**

Nor can it escape assessment and taxation under said section upon the sole ground that the water pipe is a conduit placed in the street for the purpose of conducting water into the city. Nor upon the sole ground that the city authorities have denied the owner the privilege of having it tapped for the purpose of supplying the land with water.

**Same—Unplatted Property—Method of Assessment.**

The land in question abutted on Front street on the south for 630 feet, and abutted on Dale street on the west for over 2,000 feet. The authorities, when making the assessment, treated and considered the tract as if 150 feet of the south end had been platted and subdivided into lots fronting on Front street, and assessed the tract for 630 lineal feet on account of a water pipe theretofore laid in that street. They then deducted 150 feet from the frontage upon Dale street, and assessed for the number of lineal feet remaining, on account of a water main then on that street. *Held* to be erroneous, upon the ground that, if any part of the land was treated and considered as platted, for the purpose of assessing frontage upon both streets, the whole should have been so treated and considered;

and further that, if the tract is to be assessed as if platted, the owner is entitled to such deductions as would have to be made on account of streets intersecting Front and Dale if the tract was actually platted.

In proceedings in the district court for Ramsey county to enforce the payment of delinquent real-estate taxes for the year 1895, judgment upon the pleadings was ordered for the plaintiff against certain land owned by the Robert P. Lewis Company, and the case certified to the supreme court, by Willis, J. Modified.

*Daniel W. Doty*, for objecting landowner.

The water-frontage assessment act is unconstitutional under Const. art. 9, § 1, not because it provides for a frontage tax, but because it applies a uniform rate of taxation to densely-populated city lots and to farm lands, and necessarily results in inequality. Noonan v. City of Stillwater, 33 Minn. 198; State v. District Court of Hennepin Co., 33 Minn. 235. In Pennsylvania, under a provision of the constitution that "all taxes shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax," it has been decided that the frontage rule cannot be applied where the improvement is made through rural or suburban districts, and that an act providing for it is unconstitutional. Seely v. City of Pittsburgh, 82 Pa. St. 360; City v. Rule, 93 Pa. St. 15; Keith v. City of Philadelphia, 126 Pa. St. 575; Craig v. City of Philadelphia, 89 Pa. St. 265. So also in other states. Thomas v. Gain, 35 Mich. 155; Tide v. Coster, 18 N. J. Eq. 518.

Even if the act were valid, it is contended that the water board did not comply with its provisions in making the assessment for the reason that, although in fact unplatted, the land was treated by the water board as if in part platted, and in part unplatted. The land should have been treated either as wholly unplatted or as wholly platted. An assessment made upon a rule other than prescribed by statute is not valid. State v. District Court of Ramsey Co., 29 Minn. 62. Furthermore the pipe on Dale street was placed there solely for the purpose of introducing water into the city, and it was and still is a conduit and not such a pipe as is contemplated by section 26. The land on Dale street was in no respect benefited

by the laying of the pipe, and it is therefore not a local improvement within the meaning of Const. art. 9, § 1, as construed in State v. Reis, 38 Minn. 371.

*S. A. Anderson* and *F. W. Zollman*, for plaintiff.

The Minnesota cases cited by counsel for the owner are not in point, for they did not construe the particular law here in question, namely, the amendment of 1881 providing for the water frontage tax. Neither has counsel cited a single case from any other state in which there exists a constitutional provision similar to that of Minnesota, so that none of the cases relied upon as authority for his contention are analogous. As a matter of fact, the decisions of the courts for those states in which he claims to find authority for his contention have all upheld the correctness of a frontage tax, and the propriety of assessing lands of a rural character for municipal purposes. Kelly v. City of Pittsburgh, 85 Pa. St. 170, 104 U. S. 78; Thomas v. Gain, 35 Mich. 155, 161; Northern v. Connelly, 10 Oh. St. 160; Knowlton v. Board of Supervisors, 9 Wis. 410; Taber v. Grafmiller, 109 Ind. 206; Leeper v. City of South Bend, 106 Ind. 375. Municipal taxation of agricultural lands is also sustained in Cary v. City of Pekin, 88 Ill. 154; City of Santa Rosa v. Coulter, 58 Cal. 537; Town of Dixon v. Mayes, 72 Cal. 166; Turner v. Althaus, 6 Neb. 54; Martin v. Dix, 52 Miss. 53.

COLLINS, J.

This is a certified case, under the provisions of G. S. 1894, § 1589; and among other questions involved is that of the constitutionality of Sp. Laws 1885, c. 110, § 26, generally known as the water-frontage tax or assessment law.

The land against which judgment was ordered in proceedings to enforce the collection of taxes delinquent for the year 1895 is within the city limits and comprises about 65 acres. Dale street is on the west of this tract, the abutting line being 2,580 feet in length. Its south line abuts on Front street for a distance of 630 feet. On the north of the tract is Maryland street.

A water main was laid on Dale street in 1884, opposite this land, for the purpose, according to the answer, of conducting water into the city for the use of its inhabitants, and in 1887 a water pipe was

laid on Front street; but no effort was made to enforce a collection of any frontage tax prior to these proceedings. Then the authorities assessed a tax of ten cents per lineal foot for 2,230 lineal feet of frontage upon Dale street, and for 630 feet upon Front. There were deducted from the said frontage of 2,580 feet upon Dale street 200 feet, on account of a railway which crossed it as well as the land; and also 150 feet at the intersection of that street with Front. In other words, the assessment was made as if lots 150 feet deep had been laid out from Dale street easterly, all facing south upon Front. The defendant owner objected by answer to the entry of judgment for any part of this frontage assessment, and the court below, overruling the objections, ordered judgment for the full amount claimed.

1. It is contended by counsel for the owner that section 26, supra,

"Is unconstitutional and void under art. 9, § 1, of the constitution of Minnesota, because it applies a uniform rate of taxation to densely-populated city lots and to farm lands, and necessarily results in inequality."

It is not urged that the act is opposed to the constitution simply because it provides for a frontage tax, but because the same rate of taxation (ten cents per lineal foot of frontage) is applied indiscriminately to the two classes of real property before mentioned, without regard to benefits derived.

In support of this position, counsel cites two cases (Seely v. City of Pittsburgh, 82 Pa. St. 360, and Keith v. City of Philadelphia, 126 Pa. St. 575, 17 Atl. 883) in which it was held that a frontage rule which blended town and country, city lots and farm lands, wholly failing to distinguish between them, could not be sustained under a constitutional provision that "all taxes shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax,"—a provision not differing materially from that found in our constitution as originally adopted, and now the first paragraph of section 1 of article 9. The subsequent paragraphs or provisos in that section have been added by amendment,—the first, respecting assessments for local improvements, in 1869; the second, authorizing a frontage tax, in 1881; and the third, providing for the taxation of inheritances, in 1894.

We have first to inquire whether the statute (section 26, supra) is within the second proviso of section 1, art. 9, of the constitution, whereby, for the purpose of defraying the expense of laying water pipes and supplying any city or municipality with water, the legislature was given the power by general or special law to authorize any such city or municipality having a population of 5,000 or more to levy an annual tax or assessment upon the lineal foot of all lands fronting upon any water mains or water pipes laid by such city or municipality within the corporate limits for supplying water to the citizens thereof, without regard to the cash value of such property, and to empower the collection of such tax or assessment. The statute closely follows the language of the constitution, and it is to be noticed that the amount of the annual tax or assessment is fixed at ten cents per lineal foot of frontage, and further that the provision is mandatory upon the board of water commissioners. It is well settled that:

"The legislature possesses plenary power over the subject of taxation, except so far as it is restricted by the constitution of the state, or by contract entered into by it, the obligation whereof cannot be impaired, and except so far as it is limited by the constitution of the United States. Except as thus restricted, the power of the legislature as to the mode, form and extent of taxation is unlimited, absolute and uncontrolled, where the subjects to which it applies are within the territorial jurisdiction of the state." 1 Desty, Taxn. § 24.

The only restriction upon the power of the legislature as to the mode and form of the taxation being that imposed by the constitution, it was proper for the legislature arbitrarily to fix the rate per lineal foot, and also to compel the authorities to make the assessment. And assessments for paving, and for like purposes, made in proportion to the frontage of the lands abutting on the improvement, are not an uncommon method adopted for the purpose of collecting and defraying the expenses of such improvements. As was said in the case of Thomas v. Gain, 35 Mich. 155, 161,

"The idea that underlies statutes for this purpose is, that the benefit to the abutting lots is generally in proportion to the length of their respective fronts, and that as a rule this principle of apportionment is more just than any other. There is a basis of

truth to this idea, and it is so generally accepted that assessments for street improvements are perhaps now more generally apportioned by the frontage than by any other standard."

See, also, Northern R. Co. v. Connelly, 10 Oh. St. 160.

The constitution expressly provides that the frontage tax or assessment may be made on all lands fronting upon such mains or pipes as may be laid by cities or other municipalities, and without regard to the cash value of such lands. And this is what was directed to be done by the statute under which these proceedings were had,—nothing more. The statute is not open to the objection made.

2. It was alleged in the answer that the property in question was "vacant, unoccupied pasture land"; and it is argued that for this reason it does not fall within the statute, which provides for the assessment "upon each and every lot" in the city, in front of which mains or pipes are laid. Counsel concedes in his brief that property used or likely to be used for urban purposes may be thus taxed, because it may be supposed to have some use for water. But he urges that governmental subdivisions of rural farm land, which cannot possibly be benefited, are not within the statute.

But the allegation that the land is "vacant or unoccupied," or that it is "pasture," is altogether different from the claim that the tract is "rural farm land." The latter, while within the city limits, might be suburban in every respect; but the former could easily be urban, under the strictest definitions. Vacant, unoccupied pasture land might be used for urban purposes. It might be in a well-settled portion of a city, and very desirable for city uses. The word "lot," as found in section 26, is not restricted in its meaning. It is synonymous with the word "tract" or "parcel." The answer fails to show that defendant's land is not a lot, within the meaning of the statute.

3. We now come to a consideration of the method or system of assessment. As before stated, a tract of land 150 feet deep, facing to the south on Front street, was treated and considered as if lots of that depth, and so facing, had been platted on the south end of the 65 acres, and assessed ten cents per lineal foot on account of the pipe laid on that street. Then the balance of the tract was treated

and considered as fronting upon Dale street, and assessed at the same rate for 2,230 feet; that is, to the north line of the tract,—a deduction from the real frontage being made, as before stated.

This method or system of assessment was erroneous. The authorities would have no right to treat or consider a part of the land platted for the purpose of assessment, and then to treat or consider the balance unplatted for a like purpose. If the tract, or any portion of it, could be regarded as facing or fronting upon both streets for the purposes of frontage assessment, it must be upon the theory that a proper subdivision or platting would result in facing or fronting lots upon each street. If this be so, and the owner is compelled to accept this theory, with all of its burdens, he is also entitled to all of the benefits which would result if the sub-division or platting had actually been made. The tract cannot be regarded as partly platted and partly unplatted. If any portion is treated and considered as if laid out into lots, all must be. The owner must not be placed in a worse position by the method and system of assessment than he would have been had he actually platted the tract himself. And yet this is the result of the assessment made. No deduction was made from the frontage upon either Dale or Front streets on account of streets which would have been dedicated to the public over and across this tract of land, had it been in fact platted, and on account of which deduction from the total frontage would have been made. When making the assessment upon the basis of frontage upon both streets, the fact that there would necessarily be intersecting streets of ordinary width, between which there would be lots and blocks of ordinary size, should not have been overlooked, but proper deductions should have been made.

4. It is contended that from the answer it clearly appeared that the pipe on Dale street is a conduit placed there solely for the purpose of conducting water into the city, and further that it stands admitted that the city has refused to allow this pipe to be tapped for the purpose of supplying the tract of land with water. If it is a conduit, it was none the less a water pipe, within the meaning and purpose of the statute; and the fact that the authorities have denied the landowner any privilege which is his under

the law is not available as a defense to this assessment. The owner has an ample remedy if his legal rights have been invaded.

5. The important questions in this case having been discussed, and the case disposed of on the merits, it is ordered that the cause be remanded to the court below, with instructions to reduce the assessment by making proper allowances for streets which would necessarily be laid out over and across the land, and intersect both Dale and Front streets, if the same were platted and subdivided into lots and blocks of ordinary sizes fronting upon said streets. In all other respects the assessment stands affirmed.

MITCHELL, J. (dissenting).

It stands admitted that where a lot fronts or abuts on two streets, and water pipes are laid on both streets, the universal practice in St. Paul is to assess it only for the distance it fronts or abuts on one street. As I understand them, counsel for the city and county concede that this is the proper method of assessing the frontage tax for water pipes.

Assuming this to be correct, I do not think the city has any right to assess this tract for frontage on both Dale and Front streets, or (at least, under the facts of this case) to treat it as subdivided into imaginary lots or tracts. As held in the opinion of the court, the word "lot" is synonymous with "tract" or "parcel." It stands admitted that the land is unplatted, and is all used as one tract, for purposes of pasturage; and there is no suggestion that it is so held and used for the fraudulent purpose of avoiding payment of its legitimate share of taxes and assessments.

Under such circumstances, I do not think the city has any more right to cut up the tract into imaginary lots, for purposes of assessment, than it would have to do so in the case of any other lot or tract which the city authorities think the owner has not subdivided into as small tracts as he ought to have done. My view, therefore, is that this tract should have been assessed only for its frontage on one street; and it necessarily follows from this that the landowner is not entitled to any deduction on account of possible future streets, when he shall, if ever, subdivide the land into smaller lots or tracts.

I concur in the opinion of the court as to the constitutionality of the statute, and as to the liability of this tract to assessment for a water-frontage tax.