NANNIE M. McLACHLAN v. J. F. CARPENTER and Others.

December 20, 1898.

Nos. 11,244—(124).

Tax Sale—Purchase by State—State Assignment Certificate—Interest on Subsequent Taxes—Redemption.

*Held,* following Berglund v. Graves, 72 Minn. 148, to the effect that where a person obtains a state assignment of lands bid in by the state at a tax sale, he must pay the interest on subsequent delinquent taxes from the time they became delinquent, and the owner who redeems

75 M.—2

thereafter must pay interest from the date of the assignment on this interest as well as on all other sums which the assignee was lawfully required to pay.

Appeal by defendant William Craig from a judgment in favor of plaintiff, entered in the district court for St. Louis county, pursuant to the order of Cant, J. Reversed.

*Draper, Davis & Hollister* and *H. J. Grannis*, for appellant.

*O. L. Young* and *M. Douglass*, for respondent.

BUCK, J.

1. This action was brought to determine adverse claims to lots 101, 103, 105, 107 and 109 in block 34, Duluth Proper, Third Division. The plaintiff claims title, and her possession is admitted by the defendant, who denies that plaintiff is the owner of said lots, and he claims ownership thereof in fee simple through certain tax proceedings.

The cause was tried by the court without a jury, and resulted in its finding of fact to the effect that the plaintiff on January 1, 1891, was the owner of the lots, and that her title thereto had never been devested. Parties other than Craig purchased the lots at tax sale, through whom he claims title by purchase from them. These lots were duly assessed for taxes in the year 1891, which, remaining unpaid, proceedings were duly had as provided by the tax law for their collection, so that on May 1, 1893, each of said lots was duly sold separately, pursuant to a tax judgment for said taxes of 1891, and struck off to the state of Minnesota at said tax sale for the respective sums so due.

On October 22, 1895, the tax certificate on each of said lots was duly assigned to the defendant Dearbourn on account of said sale for taxes for the year 1891, and subsequent delinquent taxes, penalties, costs and interest for the years 1892 and 1893. The said sums paid for the several tax assignment certificates were included, each in the tax assignment certificate for the lot described in it respectively, as the amount paid for said tax assignment certificate. The taxes for the years 1892 and 1893 were never reduced to judgment, and hence no judgment was ever entered for the taxes on any of the lots for delinquent taxes of these years.

After the expiration of three years' time from the date of said sale for taxes for the year 1891, notices of the expiration of the time to redeem were duly issued, served, and proof thereof filed in the office of the auditor of the county of St. Louis, in which county the lots are situated. No redemption of any of said lots from said tax sale has ever been made. Dearbourn conveyed the right acquired by him under his purchase to the defendant Craig.

The trial court found in favor of the plaintiff, and that she was the sole and absolute owner in fee simple of each of said lots. The defendant Craig alone appeals to this court.

It is the contention of the defendant that the plaintiff was devested of her title to said lots by the tax proceedings, notwithstanding the several certificates of assignment from the state and the notice of expiration of the time to redeem included the taxes, with interest thereon for the years 1892 and 1893, which had not been reduced to judgment and sale.

The contention of plaintiff is directly to the contrary. We are of the opinion that this phase of the case, based on the facts above stated, is controlled by the case of Berglund v. Graves, 72 Minn. 148, 75 N. W. 118. In that case it was held that.

"A person obtaining a state assignment of lands bid in by the state at a tax sale must pay interest on subsequent delinquent taxes from the time they became delinquent, and the owner who redeems thereafter must pay interest from the date of the assignment on this interest as well as on all other sums which the assignee was legally required to pay."

This decision is applicable to this case, and, if the party redeeming must pay such interest, it cannot be illegal to include it in the certificate of assignment from the state, and notice of expiration of the time to redeem. This proposition seems self-evident, hence it was error for the trial court to rule or find that the tax proceedings did not devest the plaintiff of her title to the premises in controversy, and the judgment appealed from should be reversed.

It is therefore unnecessary to pass upon the question as to the validity of the sale of lot 101, by virtue of a judgment rendered for

nonpayment of the assessment made by the city of Duluth in the year 1891 against said lot for public improvements.

Judgment reversed.