H. A. MERRILL, APPELLANT, v. WILLIAM H. IJAMS ET AL., APPELLEES.

FILED JUNE 21, 1899. No. 8940.

1. **Tax Lien:** FORECLOSURE BY PURCHASER: NOTICE TO OCCUPANT. It is not essential to a foreclosure of a tax lien by a purchaser at a void tax sale that the notice provided for in the revenue law (Compiled Statutes, ch. 77, art. 1, secs. 123, 179) be served on the owner or occupant of the real estate to be affected.

2. **Taxation:** LIEN OF COUNTY: FORECLOSURE. The lien of a county for taxes assessed against real estate may be enforced by it in an action of foreclosure after the taxes have become delinquent and subsequent to the time of the liability of the property to sale because of the non-payment of the taxes. *Grant v. Bartholomew*, 57 Neb. 673, followed.

3. **Void Tax Sale**: Lien of Purchaser. A tax sale, although void, assigns and transfers the lien of the public or county to the purchaser, also the rights and remedies, inclusive of the rights of action of foreclosure of the lien. *Grant v. Bartholomew,* 57 Neb. 673, followed.

4. ————: ————: Interest. The purchaser at a void tax sale is entitled to the same rate of interest on the taxes paid by him as they drew when he made the payments. *Grant v. Bartholomew,* 57 Neb. 673, followed.

Appeal from the district court of Douglas county. Heard below before Powell, J. *Reversed.*

*Henry W. Pennock,* for appellant.

*W. J. Connell, contra.*

Harrison, C. J.

The appellant had purchased certain real estate at tax sale and instituted this, an action to foreclose the lien of the taxes. Issues were joined and a stipulation of facts was filed, on consideration of which the trial court dismissed the action. The plaintiff has appealed to this court. The stipulation of facts is as follows:

"1. That the levy and assessments of the taxes, general and special, mentioned and described in plaintiff's petition, were legally made, and that the several amounts of such taxes and special assessments are as set forth in the petition, and that the plaintiff paid said taxes and assessments as stated in said petition.

"2. That the defendants Ijams, at the time of such assessments and ever since, have been in the actual possession of the real estate in said petition described, and that said real estate was assessed in their name.

"3. That at no time has any notice of any character or description been served upon said defendants Ijams of the purchase of said land for taxes, or of the time of the expiration of the time of redemption on sale for taxes or in any manner making reference to taxes, tax sale or redemption, nor has any attempt been made to comply

with the provisions of section 123 or section 179 of chapter 77, article 1, entitled 'Revenue,' of the Compiled Statutes of the state of Nebraska, except by serving on defendant Creighton a certain notice of the purchase of real estate in Dodge county, Nebraska, of which notice the following is a copy:

" 'NOTICE.

" 'To the occupants of the real estate described below and to John A. Creighton *et al.:* You are hereby notified that on the 7th day of January, 1892, the undersigned bought at private tax sale of the treasurer of Dodge county the following described real estate: Lot 20, in Hascall & Rogers' Addition to the city of Omaha, situated in Douglas county, Nebraska, for the delinquent taxes of the year 1890, and taxed in the name of John A. Creighton for said 1890 and 1893, and that the time of redemption of same will expire on the 7th day of January, 1894.                    H. A. MERRILL.'

"4. That the said sale was a private sale, and that the proceedings relating thereto were irregular, and that by reason of irregularities such sale was not a valid sale; that in case plaintiff is allowed to recover any amount, such amount shall be the basis of subrogation to the respective liens of the county of Douglas and city of Omaha."

That no notice was served was not material in an action of foreclosure of the lien of the taxes. (*Van Etten v. Medland,* 53 Neb. 569; *Grant v. Bartholomew,* 57 Neb. 673.) That the certificate and sale were void did not deprive the plaintiff of the right to an action to foreclose the lien of the taxes.  He had become invested with the rights of the public or the county and could maintain the action. (*Grant v. Bartholomew,* 57 Neb. 673.)  The decision in the case just cited was by a majority of the court and is governable of matters of litigation which are within the doctrine announced as to the points which we have just adjudicated.  Personally I adhere to the

views expressed in the dissenting opinion filed in *Grant v. Bartholomew, supra*. It was also established by the majority opinion to which we have hereinbefore referred that the purchaser at the void tax sale was entitled to interest at the rate the taxes drew at the time he paid them. This is applicable in the case at bar. The decree of the district court is reversed and the cause remanded, not for a second trial, but for entry of a decree in favor of the plaintiff for the amount of the taxes, with interest from dates of payments to date of decree at the rate the taxes bore, the decree to bear interest at seven per centum per annum.

REVERSED AND REMANDED.