STATE v. ROBERT P. LEWIS COMPANY.
July 17, 1899.

Nos. 11,727—(229).

## Taxes—Assessment for Water.

In a proceeding to enforce, against unplatted land, a frontage assessment for a water main, *held*, the court below proceeded in the manner directed in the former opinion herein (see 72 Minn. 87) in reducing the assessment on account of deductions which should be made for cross streets if the land had been platted, and the result is as favorable to the defendant as it could rightfully ask.

## Same—Former Decision.

*Held*, the other questions certified were disposed of in the former opinion, and have become the law of the case.

## Point Certified—Practice.

In certifying the proceeding to this court, under G. S. 1894, § 1589, the court below, in the recitals in its certificate, states that a certain point was raised in that court, and then certifies to this court three other questions, separately numbered, but does not so certify said first-named point. *Held*, it has not been sufficiently certified, and this court will not pass upon it.

In proceedings in the district court for Ramsey county to enforce delinquent taxes on real estate, defendant interposed an answer, and the matter was tried before Otis, J., who made findings of fact and conclusions of law, and at request of defendant certified to the supreme court for its determination the questions referred to in the opinion. Affirmed.

*James E. Markham* and *Carl Taylor*, for plaintiff.
*Daniel W. Doty*, for defendant.

CANTY, J.

This is the third time this proceeding has been certified to this court. Most of the facts are stated in the opinion rendered on the second certification. See 70 Minn. 202, 72 N. W. 962, and 72 Minn. 87, 75 N. W. 108. On that hearing the case was remanded to the court below, with directions "to reduce the assessment by making proper allowances for streets which would necessarily be laid out

over and across the land, and intersect both Dale and Front streets, if the same were platted."

Thereupon the court below, on a further hearing, deducted 36 feet from the 630 feet of frontage on Front street, leaving 594 feet frontage to be taxed on that street; and from the total of 2,580 feet frontage on Dale street the court made the following deductions: Railroad right of way, 200 feet; seven cross streets, each 60 feet wide, 420 feet; six alleys, each 20 feet wide, 120 feet; first 150 feet north of Front street, deducted by the water board on the original assessment, 150 feet; total deduction, 890 feet; balance of frontage on Dale street so assessed, 1,690 feet. This provides for blocks of the width on Dale street of only 270 feet between the cross streets, with an alley 20 feet wide in each block, leaving only 250 feet of frontage to be assessed in each block. This is certainly as favorable to defendant as it can rightfully claim, under the rules laid down in the former opinion, and this disposes of the second question certified to this court.

2. The other two questions certified to this court were disposed of in said former opinion, which has become the law of the case.

3. Defendant insists on raising the question whether or not the law on which this assessment was made is in conflict with the constitution of the United States, but that question has not been certified up to us. True, the court, by way of recital, states that that question was raised in the court below, but the statement winds up by certifying three separately numbered questions to this court, and that question is not so certified. Even if it could be spelled out of the recitals in the certificate that the court below desired this court to pass upon that question, it would not, under the circumstances, be fair to the opposite party to do so. When the court, at defendant's request, undertook to state and number separately the questions to be certified to this court, all of the questions intended to be certified should be put in the same category. Any other practice will be misleading, and result in confusion.

The order of the court below is affirmed.