JAMES H. OWEN v. L. L. RUTHRUFF.[1]

November 21, 1900.

Nos. 12,245—(94).

## Action to Test Tax Title.

Actions to test tax titles, under G. S. 1894, § 5821, are strictly statutory, and not dependent upon rules of "equity pleading" in actions to remove clouds from title to real estate.

## Same—Pleading Adverse Claim of Defendant.

Neither is such statutory action strictly analogous to a suit to determine adverse claims to real estate (section 5817), so as to require the assertion by the defendant of the adverse claims he has against the same.

## Same—Pleading Title as Defective.

It is proper pleading, under such statutory "action to test tax titles," to specify in the complaint particularly the tax certificate or deed which is assailed as invalid.

Appeal by defendant from an order of the district court for Clay county, Baxter, J., overruling a demurrer to the complaint. Affirmed.

*C. A. Nye,* for appellant.

*Edwin Adams, Ira B. Mills, William C. Resser* and *Ernest B. Mills,* for respondent.

LOVELY, J.

Appeal from an order sustaining plaintiff's complaint upon a demurrer to its sufficiency. The action is to remove an apparent claim upon plaintiff's land under G. S. 1894, § 5821, which provides

"That it shall be lawful for any person having or claiming title to any land, whether in his possession, or whether it is vacant or unoccupied, or in the possession of any other person, to commence and maintain at any time an action against any person who claims any title or interest in said land, or lien upon the same adversely to him by or through any tax certificate or tax deed, heretofore or hereafter made, to test the validity of the tax sale and tax judgment under which the same was made to quiet his title to said land," etc.

[1] Reported in 84 N. W. 217.

The complaint alleges that such sale was made without authority of law, and is void, and follows the language of the complaint sustained in Lewis v. Bartleson, 39 Minn. 89, 38 N. W. 707, except that in this action the tax certificate which plaintiff attacks is designated, while in the decision referred to it was alleged that defendant held a claim upon plaintiff's land "through certain pretended tax certificates or tax deeds,   *   *   *   and not otherwise."

It is contended here that this case is not sustained by Lewis v. Bartleson, for the reason that the statute under which this action was brought does not authorize an attack upon a specific tax title, but, by analogy to the statutory action against adverse claims (G. S. 1894, § 5817), the complaint should call for assertion of his tax claims by defendant, and, if not sustained as such a complaint, it fails, under the rules of equity pleading, to show an apparent cloud, and is defective.

It was no doubt intended by the adverse claim statute to require the defendant, instead of the plaintiff, to assert or disclaim his pretended title or interest, and, following the practice in equitable procedure, it should be made under that statute to appear, where a tax title is designated, that the same is apparently a cloud, and its invalidity shown by facts to be properly pleaded (Knudson v. Curley, 30 Minn. 433, 15 N. W. 873); for the reason, as formerly held by this court, that "there is no occasion to go into a court of equity in order to have that determined to be void and invalid which has no appearance of being otherwise." Gilman v. Van Brunt, 29 Minn. 271, 13 N. W. 125. Yet the statute to determine adverse claims and the one under which this action is brought are essentially distinct, and while the former was enacted doubtless for the purpose of calling upon the defendant either to assert or give up his claim, whatever it might be, it is not in all respects analogous to the statute upon which this action is founded, or there would have been little necessity of this later enactment, by which it appears in the plainest terms that the action may be brought against any adverse claim "by or through any tax certificate or tax deed, heretofore or hereafter made." It is difficult to see how effect can be given to this provision if it is to be controlled by the rules applicable to equitable proceedings to remove title clouds to real estate. It seems quite clear to us

that this statute authorizes actions to remove specific clouds occasioned by tax certificates and tax deeds, and was adopted to enlarge the right of the landowner, rather than to confine him within the rules of equitable relief, or merely to reassert rights given by the adverse claim statute.

It is to be noted that the contention in the case of Lewis v. Bartleson, on the part of the plaintiff, was that the defendant should set forth his tax cloud as specifically as he has done in this case. It was there held to be unnecessary. This might well have been so decided as a matter of pleading, and it is not necessary to extend the language of the court in that case to effect a restriction not justified by the terms of the statute itself; and while we adhere to the rule adopted in Lewis v. Bartleson, which does not conflict with our ruling here expressed, we think it must be held that the right to set forth the particular certificate or deed in such an action is within the act under which this suit is brought, by express terms, as fully as the right to omit such specific designation. is implied in the same statute, and sustained by the liberal rules of code pleading, in Lewis v. Bartleson.

Order affirmed.