ROBERT P. LEWIS COMPANY v. DEXTER A. KNOWLTON
and Another.[1]

June 28, 1901.

Nos. 12,281—(172).

## Later Taxes—Payment by Holder of Tax Certificate.

Where, under a tax certificate regular on its face, issued upon a void tax judgment, the assignee avails himself of his right, under G. S. 1894, § 1600, to pay subsequent delinquent taxes on the land, such action secures to him the lien of the state thereon.

## Action to Vacate Tax Judgment.

In an action under G. S. 1894, § 1610, to have a tax judgment annulled and vacated, upon which a certificate regular on its face has been issued, the court may, as a condition to its order setting aside such judgment, require that subsequent taxes paid by the holder of the certificate, and tacked to the same, must be paid by the plaintiff.

[1] Reported in 86 N. W. 875.

Later Taxes.

> In such action it is the duty of the trial court to hear and determine the validity of the taxes conditioned to be paid as a prerequisite to the vacation of the void judgment.

Action in the district court for Ramsey county to determine the adverse claims of defendants to real estate in plaintiff's possession. Defendants asserted an interest under a state assignment certificate, regular upon its face, for the taxes of 1896, and an additional lien for $989.03, being the subsequent delinquent taxes of 1897 upon the premises, paid by defendants, as the holders of said certificate, on January 31, 1899. The case was tried before Kelly, J., who found the 1896 tax judgment void and the valid and true amount of the 1897 taxes to be $802.32, which sum, without penalties but with interest from January 31, 1899, at the rate of ten per cent. per annum, the court directed the plaintiff to pay to defendants as a condition precedent to the entry of judgment setting aside the 1896 tax certificate and determining defendants' interest in the premises. From an order denying a motion to amend the findings, or for a new trial, plaintiff appealed. Affirmed.

*Daniel W. Doty*, for appellant.
*Henry B. Farwell*, for respondents.

LOVELY, J.

Action to determine adverse title to real estate in Ramsey county. The taxes on the land for 1896 were unpaid, sale was made, the lands bid in by the state, the right of the state duly assigned to defendants, and a certificate regular on its face issued to the purchasers.

The same land was again assessed for taxes in 1897 amounting to $859.91, $286 of which was water-frontage tax, held valid under State v. Robert P. Lewis Co., 72 Minn. 87, 75 N. W. 108, which were unpaid. January 20, 1899, the auditor filed with the clerk of the district court the delinquent list, including the tax in question. The landowner, this plaintiff, interposed an answer under G. S. 1894, § 1588, setting forth objections to the validity of a portion of the taxes,—among other things, claiming that the

included water-frontage tax was invalid. On January 31, 1899, defendants paid to the county treasurer of Ramsey county $989.03, being the amount of taxes assessed for 1897, including penalty, costs, and interest, which were paid by defendants under the provisions of G. S. 1894, § 1600. When the issue raised by the answer came on for hearing, the district court dismissed the proceedings for the reason that the taxes had been paid.

The present action came on to be heard, and the trial court found that the tax judgment and certificate issued thereon for the taxes of 1896 were absolutely void. This determination is not questioned, but is a conceded fact. The trial court further required, under G. S. 1894, § 1610, as a condition of setting aside such tax judgment, that plaintiff be required to pay defendants $802.32, which, after deductions, it found to be the amount actually due to the defendants upon a valid assessment and levy for the taxes of 1897, with interest from January 31, 1899, at ten per cent. Upon a settled case containing the entire proceedings, plaintiff moved for a new trial, which was denied. From this order it appeals to this court.

The contention by appellant here is upon its right as the holder of a certificate, regular upon its face, issued upon a void judgment, to have the valid taxes which it has paid subsequent to the issuance of its assignment certificate determined by the court, and paid, as a condition to the vacation of the void judgment. It is claimed by defendants that the duty of the court in this respect is plainly defined by the terms of the proviso in G. S. 1894, § 1610, which is in the following language:

"In any action or proceeding brought to vacate or set aside any tax judgment, when land has been sold to an actual purchaser pursuant to the provisions of this act, before any order, judgment or decree shall be entered vacating or setting aside said tax judgment in favor of the plaintiff, or applicant, he shall pay into court for the benefit of the other party all taxes, penalties, and costs as appears upon the books of the county auditor, with interest thereon paid by such party, or anyone from whom he claims."

Plaintiff insists that the proceeding provided for in this section refers to the action to set aside or vacate a judgment valid on its

face, and does not apply to cases where the judgment, as in this case, was absolutely void. But this distinction seems to us of little weight. Section 5821 provides for an action to test the validity of tax judgments, which is not dependent upon the rules of equity procedure (Owen v. Ruthruff, 81 Minn. 397, 84 N. W. 217), and applies to plaintiff's action in the case at bar. The assignment certificate, by the provisions of section 1594, conferred rights upon defendants, who were entitled to pay taxes subsequently delinquent, under section 1600, which secured to the purchaser the lien of the state thereon. Berglund v. Graves, 72 Minn. 148, 75 N. W. 118; McLachlan v. Carpenter, 75 Minn. 17, 77 N. W. 436. To the extent of the valid claim of the state, section 1610 provides an efficient means of determining the amount of taxes legally and equitably due on the land. The proviso (section 1610) above quoted was an amendment of G. S. 1878, c. 11, § 97 (Laws 1881, c. 10, § 19), adopted, doubtless, in view of the previous decision of this court in Barber v. Evans, 27 Minn. 92, 6 N. W. 445, which held that

"A purchaser of real property at a tax sale, which proves to be invalid by reason of an illegality in the assessment of the property and the levy of the tax, acquires no lien upon the property for the amount of his purchase money."

The contention for plaintiff that the conditional order of the court deprives the landowner of the substantial right to be heard upon the validity of the subsequent tax, or any part thereof, is, in our judgment, not well taken. If this proviso (section 1610) gives the right to the court to require, as a condition to the setting aside of the void judgment, the payment of illegal taxes, this position would be impregnable, for the landowner would be denied a legal hearing on that issue; but a reasonable and constitutional construction of the statute goes no further than to require that a court having proper and plenary jurisdiction to inquire into the validity of taxes shall determine, as a prerequisite to the relief it grants, whether the tax lien, or any portion thereof, is legal, as well as that it should be paid before the court will grant the relief sought; and, for the purpose of determining what are valid tax liens upon the land, the owner, who

has himself invoked the aid of the court, has his day in court, is given a hearing, in which his right to contest the validity of the taxes is as fully determined as if, after the order of the court holding the judgment for taxes void, the amount paid has been refunded by the county, and reassessed as provided in the previous portion of the same section.

While the remedy in this case was denied in Barber v. Evans, supra, yet the right secured by the amended proviso we have quoted had been recognized and enforced, without statutory authority, upon equitable grounds, in other courts. Parks v. Watson (C. C.) 20 Fed. 764. The trial court could not, and presumably did not, compel the landowner to pay any taxes without giving him an opportunity to be heard as to their validity as fully as if he had filed his answer in the usual tax proceedings; and the proviso should not be construed to authorize a denial of a hearing upon the taxes, but held to impose the duty upon the court to decide only that valid liens should be paid. In this case the court held that a portion of the taxes were illegal, and struck them out. The authorities which have been cited by counsel to sustain the opposite position do not go to the extent of holding that, where a hearing on the legality of the taxes is given, this cannot be done. If there is any dictum to the contrary, we cannot follow it.

If the water-frontage tax which was included in the order of the trial court was illegal, we should have felt bound to reverse this case; but upon the decision of this court on reargument in State v. Robert P. Lewis Co., 82 Minn. 390, 402, 86 N. W. 611, recently filed, this question has been disposed of in accordance with the view of the trial court in this case.

The plaintiff makes special complaint that the court allowed interest at the rate of ten per cent. on the assignment certificate held by defendants. We think this rate of interest was fairly contemplated by the proviso of section 1610, if such proviso is construed in connection with the previous portion of the section, relating to refundment, as it should be.

The order of the trial court is affirmed.