STATE v. TRUSTEES OF MACALESTER COLLEGE.[1]

July 25, 1902.

Nos. 12,944—(27).

Water Tax—Exemption of Educational Institution.

> Macalester College is not entitled to the benefit of exemptions, as an educational institution, from burdens imposed to pay for water mains laid on three sides of the college grounds, authorized by Sp. Laws 1885, c. 110, §§ 26, 27.

Assessment—Constitution.

> *Held*, further, upon the hearing of objections to assessments to pay for the benefits to the college for such water mains, upon the authority of the decided cases in this court, and of the federal tribunal having ultimate cognizance thereof, that the same are not in violation either of the state or federal constitution; following State v. Robert P. Lewis Co., 72 Minn. 87; and upon reargument, 82 Minn. 390, 402; and Parsons v. District of Columbia, 170 U. S. 45.

In proceedings in the district court for Ramsey county to enforce payment of delinquent real estate taxes for the year 1899, judgment was ordered for plaintiff against certain land owned by defendants, and upon their request the case was certified to the supreme court by Kelly, J.   Ordered affirmed.

*James E. Markham, Franklin H. Griggs* and *Thomas McDermott,* for plaintiff.

*Bishop H. Schriber,* for defendants.

LOVELY, J.

Macalester College is one of the incorporated institutions of learning of this state, and unquestionably entitled to exemptions from all general taxes, under section 3, article 9, of the constitution, as effectuated by G. S. 1894, § 1512.   The trustees of the college hold, and use for educational purposes, a tract of land within the limits of the city of St. Paul, on three sides of which water mains were laid in the year 1899, upon which the municipal authorities have assessed water-frontage taxes at the rate of ten

[1] Reported in 91 N. W. 484.

cents per foot under Sp. Laws 1885, c. 110, §§ 26, 27; which assessments have been considered and held valid in State v. Robert P. Lewis Co., 72 Minn. 87, 75 N. W. 108, and upon reargument in State v. Robert P. Lewis Co., 82 Minn. 390, 402, 85 N. W. 207, 86 N. W. 611.

The water-frontage tax was objected to by the representatives of the college upon grounds involving its right to claim an exemption from such tax, also upon the legality of the statute, under the claim that it authorized the taking of property without due process of law in violation of the lot owners' rights under the state and federal constitutions. The learned trial court gave careful and attentive consideration to these contentions, and in a thorough and able memorandum filed with his opinion has pointed out that, under the previous decisions of this court, every point save one raised in behalf of the college had been disposed of against it and held adversely thereto, but, at the request of the objectors, has certified six questions to this court under the provisions of G. S. 1894, § 1589.

We surmise that these questions, which are extended at length, and call for a somewhat categorical reply to each, were sent here to satisfy counsel more particularly than to resolve any doubts of the learned trial court itself; for in its memorandum it has completely and effectively, upon the doctrine of stare decisis, disposed of every issue involved save one, and that one of not very doubtful import. We think in this, as well as in some other cases that have been of late certified here under the provisions of section 1589, supra, that some of the trial courts of this state have misconceived the object and purpose of this statute. It provides, in substance, that when, in the opinion of the court, in entering judgments for delinquent taxes, a question is presented

"Of great public importance or likely to arise frequently [the court may] make a brief statement of the facts established, bearing on the point, and of its decision, and forthwith transmit the same to the clerk of the supreme court, who shall enter the same as a cause pending in said court and place the same on the term calendar * * * for the term then in session * * * and the same shall be entitled to a preference over all other business

before said court and shall be decided  *  *  *  at the term for which it shall be entered."

The effect given by us to this statute, which demands for the issues certified under it immediate and precedent action over other cases, evidently applies only to new and important questions, not previously decided, wherein we are required to give investigation to novel subjects, with answers that may resolve substantial doubts, where our conclusions are necessary to determine the legal policy of the state in the collection of its revenues.

The constitutional questions discussed on this review are very largely controlled by the authority of the federal courts, which must be the ultimate arbitrator upon all views of the federal constitution. The opinions held by this court in State v. Robert P. Lewis Co., 72 Minn. 87, 75 N. W. 108, and the subsequent case in 82 Minn. 390, 402, 85 N. W. 207, 86 N. W. 611, on reargument, where the validity of the water-frontage tax assessed under Sp. Laws 1885, c. 110, §§ 26, 27, was after full consideration determined, dispose of the questions again presented on this appeal. Subsequent decisions of the highest federal court in the land have to some extent complicated the subject, but, if we are able to comprehend the result we are required to adopt, this statute should be upheld and given force against the contentions which have been urged either upon the hearing below or in this court at this time.

The only point which has not been directly presented in this court, now suggested for the first time, goes to the very root of the right by the college to demand exemption from this assessment. It is insisted for appellant that the assessment against Macalester College for water mains abutting on three sides of the college grounds is a general tax, and not a special local assessment. If it is a general tax, the exemption would apply; if a special assessment for local benefits, the college was liable to pay for such benefits, unless we reverse our previous conclusions in the construction of the constitution and the statute under which it was made. If this assessment is to be treated as a general tax now for the first time, it would apply to the water-frontage tax throughout the entire city. In the two previous decisions of State v. Robert P.

Lewis Co., above referred to, such assessments were assumed to be for local benefits, and were sustained only on that ground. This view is supported directly by Parsons v. District of Columbia, 170 U. S. 45, 18 Sup. Ct. 521, and in view of the disposition already made of this question, and the fact that its final determination upon all points mooted here is one of ultimate federal cognizance, we do not feel justified in rediscussing any question raised on this review, or going further than to affirm the order of the trial court, with a general statement that the court below has correctly disposed of every question submitted here consistently with our previous views.

We therefore hold, what we have already assumed, that the water-frontage tax was a special local assessment, and not a general tax; that Sp. Laws 1885, c. 110, §§ 26, 27, were valid under the state and federal constitution. Further than this, we approve of the conclusions of the learned trial court, which correctly resolve every question submitted.

Order affirmed.