## STATE ex rel. COM'RS OF THE LAND OFFICE v. ROBERTS et. al.

No. 19455. Opinion Filed Nov. 18, 1930.

Geo. E. Merritt, for plaintiff in error.

Alvin Moore, for defendant in error J. C. Redden.

Twyford & Smith and Leo G. Mann, for defendant in error M. Squires.

FOSTER, C. The plaintiff in error, Commissioners of the Land Office of the state of Oklahoma, commenced this action to foreclose a real estate mortgage given by Samuel K. Roberts and Mary Roberts to secure a loan in the sum of $1,500, out of the trust funds held by said plaintiff in error. M. Squires, a tax sale certificate holder, was made party defendant, and J. C. Redden, also a tax sale certificate holder, intervened. The trial court made an order in which it decreed that the lien of the plaintiff, under its mortgage out of the common school funds of the state, is coequal with the lien of the defendant M. Squires, and the intervener, J. C. Redden, under their tax sale certificates, and it is from this order that the plaintiff prosecutes this appeal.

The only question presented is whether or not a holder of a tax sale certificate has a coequal lien with the state under its mortgage for a loan of its trust funds, the common school funds of the state. Defendants in error state in their brief that this precise point was presented in the case of State ex rel. Com'rs of the Land Office v. Nat. Bank of Commerce, 139 Okla. 134, 281 Pac. 579. In this contention we think the defendants are correct, and believe the question here presented was there decided in favor of the plaintiff. We will therefore not discuss the propositions and authorities presented by the briefs of the parties, as we think the matter has been determined in the said case of State ex rel. v. Nat. Bank of Commerce, supra.

It therefore follows that this cause should be reversed, with directions to the trial court that the decree be modified, declaring the mortgage lien of the Commissioners of the Land Office to be superior to the tax sale certificates held by M. Squires and J. C. Redden.

BENNETT, TEEHEE, LEACH, and REID, Commissioners, concur.

SWINDALL and RILEY, JJ., dissent.

By the Court: It is so ordered.

RILEY, J. (dissenting). The question presented is the relative standing of a lien for taxes upon real property and a mortgage lien in favor of the state created by a loan of trust funds administered by the Commissioners of the Land Office. The judgment below held the liens coequal. The majority decision holds the lien for taxes represented by tax sale certificates inferior. I hold that conclusion wrong.

Section 9724, C. O. S. 1921, provides, in part:

"Taxes upon real property are hereby made a perpetual lien."

That is the only statute now in effect dealing with the priority of the two liens, for, in Board of County Commissioners of Woods County et al. v. State, 125 Okla. 287, 257 Pac. 778, this court held unconstitutional section 9748, C. O. S. 1921, which attempted to make the mortgage lien superior to the lien for taxes. The reason for that holding was that article 10, sec. 5, of the Constitution provided, "The power of taxation should never be surrendered, suspended, or contracted away. * * *"

In the cited case, we held:

"The right of the sovereign to collect taxes is necessarily included in the power of taxation."

We also held therein:

"The right to levy and collect taxes is an attribute of sovereignty—it cannot be suspended or surrendered under our Constitution. * * *"

We followed the decision in Hughes County v. Henry (S. D.) 202 N. W. 286, wherein it was said:

"As above intimated, it may be seriously questioned whether the Legislature could lawfully make the lien of taxes subordinate."

It must be admitted that the perpetual life of a lien for taxes upon real property is terminated if upon sale and assignment it becomes inferior. That doctrine, as announced in State ex rel. Commissioners of the Land Office v. Nat. Bk. of Commerce, and the instant opinion, following and extending it, in my judgment, is fundamentally unsound. The majority admit that when the county, as a subdivision of the state, holds a lien for taxes, it cannot be stricken down even by a mortgage lien in favor of the state. Section 9740, C. O. S. 1921. But the majority hold that when an individual acquires the tax lien by purchase, it be-

comes inferior. I hold not, for section 9742, C. O. S. 1921, provides:

"Which assignment and transfer shall convey to the purchaser **all the right and interest of said county to said real estate** as fully as if he had been the original purchaser at said tax sale."

That statute provides for a grant of the entire interest of the state in the lien for taxes.

Now, if, as held by the majority, the thing granted, the tax lien, becomes a thing inferior, it is worthless, and the power to tax is seriously impaired—if, in fact, it is not "suspended" and "surrendered" contrary to the constitutional provision in favor of another lien owing to the state. For the state may, as in the case at bar, under the majority opinion, foreclose its mortgage lien and utterly wipe out the lien for taxes as held under the assignment, by individuals. Consequently, the tax lien in the possession of the county will become worthless, for no one will care to purchase under such conditions, whereas the fact remains that the only manner in which the sovereign, represented by the county, can liquidate its lien for taxes is by the sale thereof. The result is that the sovereign power to tax, to this extent, is destroyed, contrary to well-considered authority. Merrill v. Ijams, 58 Neb. 706, 79 N. W. 734; John v. Connell (Neb.) 85 N. W. 82; Lewis Co. v. Knowlton, 84 Minn. 53, 86 N. W. 875; Hughes County v. Henry (S. D.) 202 N. W. 286; Bloxham v. Consumers, etc., Co., 36 Fla. 519, 29 L. R. A. 507, 51 Am. St. Rep. 44.

For these reasons, I dissent.