LLOYD BARBER *vs.* JOHN EVANS, Jr.

August 20, 1880.

**Invalid Tax Sale—Lien for Purchase-Money.**—A purchaser of real property at a tax sale, which proves to be invalid by reason of an illegality in the assessment of the property and the levy of the tax, acquires no lien upon the property for the amount of his purchase-money. The provisions of Gen. St. *c.* 11, § 142, have no application to cases of tax sales, invalid because of an invalid assessment and levy.

Appeal by plaintiff from an order of the district court for Olmsted county refusing a new trial, the action having been tried before *Mitchell, J.*, without a jury.

*Lloyd Barber,* appellant, *pro se.*

*Start & Gove,* for respondent.

CORNELL, J. Upon the findings of fact the district court decided that plaintiff was entitled to the judgment prayed for in the complaint, "upon the condition, however, that he first pay to the defendant the amount of taxes, including penalties and costs, for which the premises were sold, together with interest thereon from the date of sale." The correctness of the ruling against the validity of the defendant's claim of title under his tax deeds is not questioned by either party, but the point is made by plaintiff that the condition which was annexed to and made a part of the order for judgment was erroneous, both upon the findings of fact, and upon the competent evidence in the case.

The action is brought under the following statutory provisions, to wit: "An action may be brought by any person

in possession, by himself or his tenant, of real property, against any person who claims an estate or interest therein, or lien upon the same, adverse to him, for the purpose of determining such adverse claim, estate, lien or interest." (Gen. St. 1878, *c.* 75, § 2.) Under this statute, possession alone is sufficient to authorize a party to bring and maintain the action against any one who is claiming an adverse estate or interest in, or lien upon, the premises. *Steele* v. *Fish,* 2 Minn. 129 (153.)

The essential allegations of a complaint in such an action include only the fact of possession of the real property in the plaintiff, either by himself or his tenant, and the fact that the defendant is claiming some adverse estate or interest therein, or lien thereon. It is not necessary for the plaintiff, in his complaint, to anticipate or state the nature of the adverse claim, or to meet the same by any allegations in denial or avoidance. If, as in this case, the defendant admits the fact of possession in the plaintiff, and the existence of a hostile claim in himself, which he insists upon asserting, it is for him, in his answer, to disclose the nature of such claim, and the essential facts upon which he relies for its support; and thereupon a case is presented for the determination of the court, upon the pleadings and proofs to be taken, as to the validity of such claim as against the plaintiff, and as to the rights of the respective parties in respect thereto. If the claim rests upon a legal title to the property, the sole question for determination is as to the sufficiency of such title as against the plaintiff's possession, under the rules of law applicable to questions of that character. If the claim is an equitable one, equitable principles and rules must govern in its determination; and in settling the rights of the parties in respect thereto, the court may exercise its equity powers in granting whatever relief the nature of the case upon the facts may require, and upon such terms and conditions as may be necessary to do complete justice.

In this action, defendant, in his answer, claims an estate

in fee in the premises under certain tax deeds therein mentioned; and in case his tax title is held to be invalid, he claims a lien upon the property for the amount of taxes, penalty and interest which he paid upon the purchase at the tax sale, with interest thereon from the date of the purchase. As the invalidity of the alleged tax title is not disputed, the only question left for consideration concerns the existence of the alleged lien stated in the answer.

The rights of a purchaser at a tax sale which proves to be invalid and ineffectual to pass any estate in, or legal title to, the property, are such only as are given by statute. In the absence of any statute upon the subject, he acquires no lien upon the land for the amount of the purchase-money, in case his title proves fatally defective, nor has he any legal claim upon the state for the reimbursement of his money. Neither is he entitled to be subrogated to whatever rights the state may have in respect to the collection of any taxes already legally assessed against the land, or for the re-assessment and collection of such sums as the land ought equitably to pay.

To ascertain, therefore, the rights of the defendant herein, reference must be had to the statutory provisions upon the subject which were in force at the time of the tax sale at which he became a purchaser, and which are embodied in Gen. St. (1866) c. 11, §§ 142, 155. The last-named section covers cases of sales which are declared void by judgment of court, or which are void by reason of the taxes having been regularly paid prior to the sale; and it provides that in every such case the money which may have been paid upon the purchase shall be refunded to the purchaser out of the county treasury.

The other section (section 142) enacts in terms "that, upon the sale of any land or town lot for delinquent taxes, the lien which the state has thereon for taxes then due is transferred to the purchaser at such sale; and if such sale proves to be invalid on account of any irregularity in the pro-

ceedings of any officer having any duty to perform in relation thereto, the purchaser at such sale is entitled to receive from the proprietor of such land or lot the amount of taxes, and penalty, and interest, legally due thereon, and the amount of taxes paid thereon by the purchaser subsequent to such sale; and such land or lot is bound for the payment thereof." Clearly, this section has no application to a case where the vice which affects the legality of the sale originates in some of the tax proceedings prior to those connected with the sale itself, such as an omission, on the part of an assessor, to value the property for the purposes of taxation. Its provisions are limited to cases where the taxes have been legally assessed and levied, and have become due and delinquent, but, owing to some irregularity in the proceedings connected with the making of the sales, on the part of some officer having a duty to perform in relation thereto, the sales themselves are rendered invalid. In every such case, the purchaser acquires a lien upon the property for his purchase-money, to the extent of the taxes, penalty and interest legally due against the land at the time of sale, as well as for all taxes subsequently paid thereon by him; but in no other case is he entitled to any lien under the provisions of this section.

In its findings of fact in this case, the court specifically found as follows: "That owing to various omissions and failures on the part of the assessors and other officers to conform to the statutes regarding the assessment and levy of taxes, the taxes in question for which said premises were attempted to be sold were not levied and assessed according to law; but there was no evidence tending to show that said taxes were arbitrary, unjust or vicious; but, on the contrary, it appears that they were levied in the same manner as taxes on other property were levied, and for a public purpose, and were such as the owner of the land ought equitably to have paid the state; and therefore, although not a legal, they were a colorable tax, at least, and such as the owner ought equitably to pay."

Though this finding does not specify the particular omissions and failures from which the conclusion is drawn that "the said taxes were not levied and assessed according to law," it does substantially state that they occurred in making the assessment of the property for taxation, and in the levy of the taxes thereon, and that they constituted such a substantial departure from the statute, and disregard of its provisions, as to make both the assessment and the levy wholly illegal. It follows from this conclusion that the sales in question were invalid, not alone because of irregularities in the proceedings on the part of some officer having a duty to perform in relation to the sales, but because of the errors and omissions of the assessor and other officers in making the assessment and levying the said taxes, whereby all subsequent proceedings were vitiated. The case, therefore, does not come within the provisions of section 142 above quoted, for, as there had been no valid assessment and levy, there were no taxes legally due and delinquent from the defendant on account of the land, at the time of the alleged sale.

The statement that "there was no evidence tending to show that said taxes were arbitrary, unjust or vicious," would seem to be somewhat at variance with the preceding portion of the finding; for, under our laws, the only basis of just taxation is a valid assessment of property in the first instance; and if this is wanting, or if the levy which is made is not in substantial conformity with the requirements of the statute, the tax is necessarily "unjust and vicious;" and the fact that it may have been levied for a public purpose, or that all other taxes which were levied at the same time were also levied in like manner, would make it none the less illegal.

In respect to the suggestion that the taxes in this case, though not legal, were such as the owner ought equitably to have paid to the state, it is sufficient to say that no legal or equitable liability can arise in respect to the payment of any tax not founded upon a prior valid assessment and levy made in the manner provided by law. In the absence of any such

assessment and levy, the owner has no means of ascertaining what sum he ought to pay in respect to any piece of property as his just share of the public burden; and, under the laws in force governing this case, the courts have no power to make the requisite assessment and apportionment of the tax.

Upon the findings of fact, we are of the opinion that the condition which the court below annexed to its order for judgment in favor of the plaintiff was unauthorized and erroneous, and therefore the order appealed from denying a new trial cannot be sustained. A new trial, however, is unnecessary, inasmuch as the whole case is before us, both upon the findings and all the evidence, from which it clearly appears that plaintiff is entitled to the judgment demanded in his complaint, without any condition. The conclusion of law upon the facts found, therefore, should be modified in this respect, and plaintiff be allowed to take the judgment to which he is entitled; and the case is remanded to the district court, with instructions so to modify its conclusion of law and order for judgment.

Ordered accordingly.