STATE ex rel. SYLVESTER KIPP and Another v. WILLIAM R. JOHNSON.[1]

June 21, 1901.

Nos. 12,530—(131).

**Redemption from Tax Sale.**
    The amount required to redeem from a tax sale, pursuant to Laws 1899, c. 322, is the sum paid at the sale by the purchaser, with interest, and not necessarily the full amount of the taxes, with interest and costs.

Alternative writ of mandamus issued by the district court for Ramsey county, directed to the defendant, as county auditor of said county. The case was tried before O. B. Lewis, J., who found that relators were entitled to the issuance of a peremptory writ. From a judgment entered pursuant to the findings, defendant appealed. Affirmed.

*W. B. Douglas*, Attorney General, for appellant.

*S. & O. Kipp*, for respondents.

LEWIS, J.

On April 20, 1900, a tax judgment was entered against a certain lot in the city of St. Paul, pursuant to Laws 1899, c. 322, for forty-six cents, and the lot was sold at the tax sale held thereunder to a certain purchaser for ten cents. This is a proceeding by the owner of the land to compel the county auditor of Ramsey county to certify the amount due upon redemption, under G. S. 1894, § 1602.

The only question involved in this case is, what is the amount necessary for the owner to pay to effect a redemption? The state takes the position that the owner must pay the full amount of the taxes, including interest and costs, whereas the owner claims that the amount of redemption is fixed by the selling price, regardless of the amount of the tax. In the case of Cole v. Lamm, 81 Minn. 463, 84 N. W. 329, it was held that the owner had the right to redeem from the forfeited tax sale provided for by

[1] Reported in 86 N. W. 610.

Laws 1899, c. 322; but in that case the amount required for redemption was not involved. It is claimed by the state that after a tax sale a legal indebtedness for the amount of taxes unpaid still exists between the former owner and the state, and that, notwithstanding the amount of the sale, if it be for an amount less than the taxes, there is an implied lien by the state as against the owner for the remainder of the tax, so that, if the owner attempts to redeem, he must pay such amount. We are unable to concur in this opinion, for the simple reason that it contemplates an erroneous view of the effect of a tax judgment, and sale thereunder, and a redemption therefrom. The redemption provided for by our statute is from the sale, and it has the effect of wiping out the sale, and restoring the property to the owner. Chapter 322, supra, having been declared constitutional, there is no other way provided by the law for a redemption except the one mentioned and provided for in G. S. 1894, § 1602.

The legislature has the power to provide that the state may sacrifice one-half of the taxes in order to get the lands back upon the tax books for the purpose of producing revenue, and, there being nothing in the act with reference to redemption, such redemption is regulated by the same law applicable to ordinary tax sales. Any other construction would be a discrimination against the owner. The tax proceedings which resulted in a judgment and sale absolutely terminated all interests of the state in the property, and discharged its lien. There were no subsequent delinquent taxes, nor had any been paid by the purchaser. The amount required to redeem was the amount, with interest, paid at the sale by the purchaser.

G. S. 1894, § 1616, applies to lands bid in by and forfeited to the state. The sale there mentioned refers to a sale by the county auditor of public or private lands so forfeited, and redemption of such lands may be made at any time prior to sale by paying the amount due thereon. But the redemption mentioned in that section has no reference to a tax sale where the amount of the selling price is limited by law, as in chapter 322, supra.

Judgment affirmed.