STATE ex rel. MARY O. COATES and Others v. W. A. BUTLER.[1]

May 8, 1903.

Nos. 13,328—(20).

Redemption from Tax Sale.

> Under a sale made pursuant to G. S. 1894, §§ 1616, 1617, where the land forfeited to the state is sold for less than prior tax judgments, penalties, and costs, the amount required to redeem from such sale is the sum paid by the purchaser, with interest, costs, and subsequent taxes.

Case Followed.

> State v. Johnson, 83 Minn. 496, held applicable to the issues in this case, and applied thereto.

Appeal by defendant from a judgment of the district court for Morrison county, Searle, J., directing the issuance of a peremptory writ of mandamus. Affirmed.

W. B. Douglas, Attorney General, for appellant.

Taylor & Jenks, for respondents.

LOVELY, J.

An alternative writ of mandamus was issued by the district court to the auditor of Morrison county, to compel that officer to issue to a proposed redemptioner of taxes the proper certificate. An issue of fact was raised upon the petition and answer, which was tried to the court, who found that relators were entitled to the peremptory writ. From the judgment entered thereon, the auditor appeals.

The facts presented upon the issue thus raised, which are embraced in the findings, show: That the quarter section of land in question was sold to the state in 1900 for taxes of 1895 and prior years, under the clearing-up sale provided for in Laws 1899, p. 410 (c. 322), and bid in for the full amount of previous taxes, interest, etc., amounting to $606.38. That in 1901, pursuant to the provisions of G. S. 1894, § 1616, a tract of forty acres of this land was sold to one Niles for $25.61. In the following year, under the

[1] Reported in 94 N. W. 688.

provisions of the same section, the remaining portion of the quarter section was sold to the same party for the sum of $73.20; the total amount of both sales being $98.81. On these sales the auditor issued to the purchaser deeds under G. S. 1894, § 1617. Within the proper time a notice of redemption was issued by the county auditor and served as provided for by G. S. 1894, § 1654. Prior to the expiration of the time to redeem, the relator, as owner of the land, tendered to the auditor the sum of $149.46, which was the amount paid by the purchaser at the tax sales for the entire tract, with interest at twelve per cent. from the dates of the sales, with unpaid delinquent taxes, interest, penalties, and costs accruing thereon up to the time when his redemption right would expire. Thereupon such owner demanded a certificate showing that this sum was the correct amount necessary to be paid for the purpose of redeeming. The auditor refused to receive the money or to issue the certificate; conceding that the sum offered and tendered was the amount due to the purchaser, but putting his refusal upon the ground that relator was not entitled to redeem for less than the total judgment, interest, costs, penalties, and taxes (including the tax of 1901), standing against the land, amounting on the date when the redemption rights would expire to $606.38, which he required to be paid to effectuate a valid redemption.

We held in State v. Johnson, 83 Minn. 496, 86 N. W. 610, under a sale pursuant to Laws 1899, p. 410 (c. 322), which provides for a general clearing-up sale for previous taxes forfeited to the state, in the language of Justice LEWIS, that

"The redemption provided for * * * is from the sale, and it has the effect of wiping out the sale and restoring the property to the owner; * * * The legislature has the power to provide that the state may sacrifice * * * taxes in order to get lands back upon the tax books for the purpose of producing revenue."

While the sale passed upon in State v. Johnson was under Laws 1899, p. 410 (c. 322), which provides for a public sale, and the sale under section 1616, supra, now before us, might be either private or public, we are of the opinion that there is no just distinction to be made, in respect to the redemptioner's rights accruing there-

under, between the result reached in that decision and the case at bar. In the sale provided for in section 1616, supra, there is an obvious effort to obtain revenue by yielding a portion of the amount for which lands have been previously sold to the state for taxes, as in chapter 322, supra, by clearing up past forfeitures, in giving up a part of its claims, to secure the desired end, whereby the state is to make a new transfer of its acquired absolute rights upon favorable inducements to purchasers to bid, as well as to the landowners to redeem, in order that the lands may be again placed upon the tax rolls for assessment; and while, as expressed in State v. Johnson, supra, the redemption provided for in section 1616, supra, was under different provisions than those of Laws 1899, p. 410 (c. 322), we cannot, upon the reasons governing our conclusions in that case, distinguish its application in principle to the rights of the parties now before us.

Judgment affirmed.