HARRIET R. JENKS and Another v. CHRISTIAN HENNINGSEN.[1]

November 15, 1907.

Nos. 15,375—(122).

**Invalid Tax Sale—Lien—Act not Retrospective.**

Plaintiffs brought ejectment on purported tax titles based on sales of defendant's land made in 1900. The trial court found that the tax judgments and sales were void for causes occurring after the levy of the taxes embraced in such sales and that defendant was entitled to possession, but ordered judgment that plaintiffs have a lien on the land for the amount paid for the tax certificates, with interest at twelve per cent. per annum from and after the entry of the tax judgment. On appeal by defendant it is *held:*

The substantive rights of the owner of the land and of the holder of the tax certificate were determined by the law in force at the date of the sale.

Section 969, R. L. 1905, which is substantially section 62, c. 2, Laws 1902, giving to the purchaser of a tax certificate, as to which there has been an adjudication of the invalidity of the judgment or sale, a lien for the amount of taxes and penalties, interest, and costs, with interest at twelve per cent. per annum, does not apply to sales made anterior to the passage of the law.

That statute, in accordance with its own terms and general rules of construction, is to be given a prospective operation only.

[1] Reported in 113 N. W. 903.

At the time of the sale in this case neither the tax itself nor the tax judgment bore interest. Interest was chargeable only from the date of a valid sale. Under section 969, R. L. 1905, the tax bears interest at the rate of one per cent. a month. The legislature could not constitutionally impose this additional burden upon the owner of the land by giving to the tax-title purchaser a lien for the consideration paid, with interest from the date of judgment.

Action in the district court for Washington county to recover possession of a certain tract of land. The case was tried before Williston, J., who made findings and ordered judgment in favor of defendant for the possession of the land and in favor of plaintiffs for the sum of $254.42. From that part of the judgment granting plaintiffs a lien on the land for the sum named and from the sale of the land to satisfy the lien and from the amended judgment, defendant appealed. Reversed.

*Christian Henningsen,* pro se.

*J. C. Nethaway,* for respondents.

JAGGARD, J.

Plaintiffs brought ejectment on purported tax titles based on sales made in 1900 of land belonging to defendant. The trial court held that the plaintiffs were not entitled to possession of the property, upon the ground that the tax judgments and tax sales under which the plaintiffs claimed title to the property were void for causes occurring after the levy of the taxes embraced in such judgment and sale. It awarded to the plaintiffs, however, a lien for the amount paid at the tax sale, with interest, to wit, $254.42, with twelve per cent. interest since June 7, 1900. Defendant moved to strike the lien from the judgment. The motion was denied. The validity of the lien thus given plaintiffs is the essential question in this appeal taken by defendant. Plaintiffs did not appeal.

The trial court's conclusion rested upon section 969, R. L. 1905, which is substantially section 62, c. 2, p. 31, Sp. Laws 1902. It is there provided in substance that upon the adjudication of the invalidity of a tax judgment or sale for any cause accruing after the levy of the taxes, save where the taxes have been paid or the land is exempt, the court shall determine and adjudge the amount of taxes and penalties to which the real estate was subject at the time of the entry of

102 M.—23

the judgment, and subsequent taxes paid thereon by the holder of the tax certificate or his assignees, and shall adjudge a lien against such land in favor of such holder for the amount of such taxes, penalties, interest, and costs, with interest thereon at the rate of twelve per cent. per annum from and after the date of such judgment, sale, or payment. It is clear that this provision cannot be made to apply to actions adjudging void such tax judgments or sales as had been entered or made anterior to the passage of the law.

The landowner cannot be deprived of his property, except by strict compliance with statute. His substantive rights to his land are determined by proceedings taken in accordance with the law in force at the time they are taken in fact. The same law fixes the rights of the holder of the tax certificates. The state cannot adversely affect such rights of either by subsequent legislation. It is clear from the decisions of this court that prior to chapter 2, p. 31, Sp. Laws 1902, the purchaser of a tax title, in case the tax title was adjudged invalid, did not succeed to the lien of the state, but was entitled to refundment in accordance with the statutory provisions. See, inter alia, Barber v. Evans, 27 Minn. 92, 6 N. W. 445, and Otis v. City of St. Paul, supra, p. 208, 113 N. W. 269. To remedy the many evils of the practice as to refundment common at the time, and to prevent especially the speculation then current and profitable upon official errors therein, the legislature adopted the tax commission's suggestions, and provided that, save where the taxes had been paid or the land was exempt, the holder of the tax certificates should succeed to the lien of the state. The law could no more enlarge the rights of the certificate owner as against the landowner than it could diminish the rights of the certificate holder. The very terms of the statute itself contemplate that it should operate in the future only. The ordinary rules of construction also require that it should not be given a retroactive operation.

It is ingeniously suggested, however, by the plaintiffs, that giving the purchaser the lien of the state was merely the extension of the remedy; that is, the state, under the old law, had a lien, it had a right to enforce that lien, and it is immaterial whether the state or the purchaser should foreclose the lien. For many reasons this position is untenable. One will suffice. Under the law in force at the time of the sale in this case, section 1613, G. S. 1894, applied. It was there

provided that "the amount charged by the judgment against any piece or parcel of land shall bear interest at the rate of one per cent. per month from the date of the sale." Both the sale and the judgment having been void in this case, the lien of the state bore no interest. County of Redwood v. Winona & St. P. Land Co., 40 Minn. 512, 41 N. W. 465, 42 N. W. 473. That is to say, in the case at bar, the state's lien would have been $254.42, without interest. If section 969, R. L. 1905, be applicable, then the purchaser is entitled to a lien for this sum, with interest at the rate of one per cent. a month from and after the 7th day of June, 1900, as the order of the trial court provided. It is evident, without comment, that the state could not possibly require the landowner to pay this additional sum. The state could not increase the amount of the tax lien.

It has been assumed in this case that the tax judgments and sales were void for causes occurring after the levy of the taxes embraced therein. Defendant insists, inter alia, that no tax on his land was ever in fact extended. It is not necessary, in view of the conclusion here reached, to consider or determine the controversy on this point, or on other points raised by the appeal.

Reversed.