## FRANK E. BYERS v. MINNESOTA COMMERCIAL LOAN COMPANY.[1]

June 21, 1912.

Nos. 17,541—(149).

**Action to determine adverse claims — lien of tax title — judgment.**
    The holder of a valid certificate of tax sale, who has not caused to be

[1] Reported in 136 N. W. 880.

served a valid notice of expiration of the time for redemption, has no right, in an action by the owner of the land to determine adverse claims, to have a judgment that such holder has a lien on the land for the amount paid for the certificate, with interest.

### Lien of certificate issued prior to R. L. 1905, § 942.

R. L. 1905, § 942, providing that, in case a certificate issued to an actual purchaser proves to be invalid for causes other than those specified, the lien of the state vests in the purchaser, and giving a right to enforce such lien against the land, has no application to a certificate under a judgment rendered prior to the passage of such law, or to a case where such certificate has not been declared invalid.

### Section 969 inapplicable.

R. L. 1905, § 969, has no application to the case of the certificates in question herein.

### G. S. 1894, § 1610, inapplicable.

G. S. 1894, § 1610, providing that in any action to vacate a tax judgment the plaintiff shall, before a decree is entered, pay into court for the benefit of the other party all taxes, penalties, and costs paid by such party, does not apply when the tax judgment or sale is not sought to be vacated.

### Act of 1905 constitutional — prior certificates invalid.

Chapter 271, p. 407, Laws 1905, providing that no notice of the expiration of the time of redemption shall issue or be served after the expiration of six years from the date of the sale, and that all such certificates upon which such notice shall not be issued or served shall be void and of no force or effect whatever, is not void as impairing the obligation of the contract between the holder of such certificate and the state, and certificates on which such notices were not served prior to the time said law went into effect constitute no lien upon the land.

### Application of act.

There is no distinction, as far as concerns the application and effect of chapter 271, p. 407, Laws 1905, between a certificate on which no notice has been served, and a certificate on which a fatally defective notice has been served.

### Estoppel — limitation of action.

Plaintiff in this case, the owner of the land, is not estopped by bad faith, misconduct, or laches from objecting to defendant's asserted lien, nor is the action barred by limitation.

Action in the district court for Hennepin county to determine adverse claims to certain vacant and unoccupied real estate. The case

was tried before Hale, J., who made findings and as conclusion of
law ordered judgment in favor of plaintiff, and found that defend-
ant had no interest in or lien upon the premises. From that part
of the judgment entered pursuant to the order which adjudged that
defendant had no lien upon the premises, it appealed. Affirmed.

*A. T. Ankeny,* for appellant.

*John F. Byers,* for respondent.

BUNN, J.

Action to determine adverse claims to lots in Minneapolis. The
complaint alleged that plaintiff was the owner in fee, and that de-
fendant claimed an interest or lien by virtue of certificates of tax
sale for the taxes of 1892, on which defendant undertook to serve
notices of expiration of redemption, which were, however, void be-
cause the amount of unpaid and delinquent taxes was not stated. It
was alleged that more than six years had elapsed since the tax sales,
and that no notices except those referred to had been served.

The answer denied plaintiff's ownership of the lots, and alleged
title in defendant through the tax certificates above mentioned, and
the notices of expiration of redemption, which were alleged to be
valid. The answer also alleged a sale of the lots to defendant at the
forfeited tax sale May 21, 1900, for taxes of 1893, 1894, and 1895,
but did not allege that notices of expiration of redemption from this
sale had been given. Defendant asked judgment that it was the
owner of the lots, or, in case it should be determined that the notices
of redemption were invalid, that it have a lien on the lots for the
total amount paid, with interest, as provided by law.

The facts, as they appeared without dispute at the trial, are that
plaintiff was the fee owner of the lots, that they were sold to the
state at the tax sale in May, 1894, for the taxes of 1892, and the
certificates assigned to defendant, but that the notices of expiration
of redemption given in 1897 did not include, in the amount stated
as necessary to redeem, the taxes of 1893, 1894, and 1895, which
were then unpaid and delinquent. May 21, 1900, the lots were,
pursuant to chapter 322, p. 410, Laws 1899, sold to defendant for
the taxes of 1893, 1894, and 1895. No notices of expiration of re-

demption from this sale were ever served. The lots were also sold to defendant for the taxes of 1899 to 1904, inclusive, and for the taxes of 1907, 1908, and 1909; but plaintiff redeemed from these sales, and paid the 1910 taxes.

The decision of the trial court was that plaintiff was the owner in fee simple of the lands involved, and that defendant had no right, title, or interest in, or claim or lien upon, said lands. Judgment was entered on the decision, and defendant appealed.

Defendant concedes here, and it is clear it is correct, that the notices of expiration of redemption from the 1894 sales were invalid, and that it has no title to the lots. The claim is that defendant was entitled to an adjudication that he had a lien on the lots for the total of the sums paid for taxes, with interest. This claim is based upon (1) the theory that defendant, as the holder of valid tax certificates upon which notice of expiration of redemption has not been given, had at the time of the passage of chapter 271, p. 407, Laws 1905 [R. L. Supp. 1909, § 956—2], a lien on the land which he was entitled to have adjudicated and to enforce in an action by the owner of the fee to determine adverse claims; and (2) upon the theory that the legislature could not and did not destroy this lien by Laws 1905, p. 407, c. 271.

1. We are unable to sustain the first contention. The owner of a valid tax certificate has no estate or interest in the land. He has merely a lien. But what is the nature of this lien? Is it one which under any statute or in equity can be enforced, except by giving notice of expiration of redemption?

There never has been a statute that provides for adjudging a lien in favor of a certificate holder so long as his certificate has not been declared invalid for some defect in the judgment or sale. Section 942, R. L. 1905, which was chapter 2, § 31, p. 21, Laws 1902, provides that the lien of the state passes to the purchaser in case the certificate proves to be invalid for any but certain specified causes, and that the certificate holder may collect out of the property covered by such lien the amount of taxes, penalties, and interest. It is clear that neither this section nor prior statutes on the same matter give the certificate holder any such lien on the land where the cer-

tificate does not prove to be invalid. R. L. 1905, § 969, applies only to a case "when in any action or proceeding in court any tax judgment or tax sale shall be adjudged void." It is settled that, except where given by statute, the holder of a void certificate has no lien on the land for the amount paid at the sale. Barber v. Evans, 27 Minn. 92, 6 N. W. 445; Jenks v. Henningsen, 102 Minn. 352, 113 N. W. 903. In the Jenks case it is said: "It is clear from the decisions of this court that prior to chapter 2, p. 31, Sp. Laws 1902, the purchaser of a tax title, in case the tax title was adjudged invalid, did not succeed to the lien of the state, but was entitled to refundment in accordance with the statutory provisons." It was held that this law, incorporated into the Code as secton 969, did not apply to sales made before its passage, and that, when the invalidity of such a sale or the judgment on which it was based was adjudicated, the owner of the certificate was not entitled to a lien on the land.

Section 1610, G. S. 1894, did not purport to give the holder of a tax certificate that had been adjudged invalid a lien on the land, but provided that in any action or proceeding to vacate or set aside any tax judgment when the land had been sold to an actual purchaser, the plaintiff should before a decree was entered pay into court for the benefit of the other party all taxes, penalties and costs paid by such party. This provision was an amendment of G. S. 1878, c. 11, § 97, and as said in Robert P. Lewis Co. v. Knowlton, 84 Minn. 53, 86 N. W. 875, was doubtless adopted in view of the decision in Barber v. Evans, 27 Minn. 92, 6 N. W. 445, holding that the purchaser at a tax sale which proves to be invalid acquires no lien upon the property for the amount of his purchase money. It is quite clear that this statute has no application where the action is not to vacate or set aside a tax judgment, and, as the present action did not seek to vacate the judgment, defendant was not entitled to the benefit of this provision, nor can it be construed as giving any lien on the land.

Our attention has been called to no statute that gives a lien when the judgment or the sale has not been declared invalid, and in the case at bar there was a valid judgment and a valid sale. The holder

of a valid tax certificate has the rights given him by the statutes in force at the time the judgment was rendered, and only those rights. As to sales on judgments entered prior to 1902, these rights were (1) to receive a valid title to the land on the expiration of the time for redemption, by giving a notice that complies with the law; (2) to receive his money invested, with interest, in case of redemption. In case his certificate is adjudged invalid, except for certain causes, the right of refundment is given, and in case of suit brought to vacate the judgment, the right to compel the owner of the land to pay the amount of the taxes, penalties, and interest. Otis v. City of St. Paul, 102 Minn. 208, 113 N. W. 269; State v. Krahmer, 105 Minn. 422, 117 N. W. 780, 21 L.R.A.(N.S.) 157.

He had a lien on the land to secure these rights. But he had no lien that could be enforced against the land in any other way than as provided by statute. To say that the owner of a valid certificate could obtain a judgment against the land for the amount of the taxes and interest, and have the land sold to satisfy this judgment, would be giving him a remedy that the statute in no way contemplates. His remedy is purely statutory, and was ample, if he had caused to be given a good notice of expiration of redemption. The failure to give this notice was the fault of defendant, and certainly added nothing to the rights that he had against the land. Until the time when chapter 271, p. 407, Laws 1905, went into effect, defendant had the right to cause a new notice to be given, and the right to obtain title in case there was no redemption.

Chapter 271, Laws 1905, provided that, unless such notices were served within six years from the date of the sale, "all such certificates upon which such notice of expiration of redemption shall not be issued and served * * * shall be void and of no force or effect for any purpose whatever." This law fixed a limitation of time where none before existed, and was held constitutional in State v. Krahmer, 105 Minn. 422, 117 N. W. 780, 21 L.R.A. (N.S.) 157, on the ground that it did not relieve the state or the landowner of any obligation imposed by the contract, or impose any additional burden upon the holder of the certificate. By the law in force when he purchased the certificate he was required to give

notice. He was not entitled to a deed upon the mere lapse of the statutory time for redemption.

As we have pointed out, the holder of these tax certificates had under the laws that were in force when the judgments were rendered and sales made, no right to have it adjudicated that he had a lien on the property for the amounts paid for the certificates, even if they were adjudged void. Therefore chapter 271 did not destroy any vested right, or impair the obligation of his contract. It merely affected the remedy by providing a short statute of limitation. The results which follow from the failure of the certificate holder to comply with the statute could all have been avoided by the simple expedient of complying with the statute, causing the notice to be given within the time given to certificate holders to give notices before the law went into effect. The language of chapter 271 is clear, and leaves no room for doubt that whatever rights the certificate holder had to perfect a title or in the nature of a lien were lost by the failure to comply with its provisions.

Defendant insists that there is a distinction between a case where no notice has been given and a case where an insufficient notice has been given. This distinction is perhaps suggested in the Krahmer case, but we see no force in it. Whether the notice be called "void," "invalid," "fatally defective," or "insufficient," the fact is that the certificate holder acquires no rights by giving it. The situation is precisely the same as if no notice had been given. The certificate holder does not exhaust his right to obtain a title by giving a new notice. He may cause a valid notice to be given, and must, if he would shut out the right of redemption.

We see no merit in the claim that plaintiff is estopped by misconduct, bad faith, or laches from objecting to defendant's asserted lien, nor in the proposition that plaintiff's action was barred by limitation. We find no escape from the conclusion that defendant never had a right to a judgment that the amounts paid for his certificates were a lien on the land, and that his right to perfect a title was lost by the failure to comply with the provisions of chapter 271, p. 407, Laws 1905.

Judgment affirmed.