## I. T. BURNSIDE v. MARY E. MOORE.[1]

January 16, 1914.

Nos. 18,307—(175).

**Expiration of redemption — form of notice.**

1. The notice of expiration of the time for redemption from tax sales
required to be given by chapter 270, Laws of 1905, must comply in sub-
stance with the form prescribed by section 47, chapter 2, Laws of 1902.

**Same.**

2. To redeem from a tax sale made under chapter 339, Laws of 1901,
the owner must pay the subsequent delinquent taxes paid by the purchaser,
and a notice of expiration of the time for redemption which does not include
such taxes so paid is fatally defective.

[1] Reported in 145 N. W. 27.

124 M.—21.

**Same — act of 1905 — lands forfeited to the state.**

3. The limitations contained in chapter 271, Laws of 1905, apply only to tax certificates issued before the lands became forfeited to the state and to notices of expiration of the time to redeem issued thereon. The time for giving such notices as to lands forfeited to the state remained unlimited.

**Rights of purchaser of lands forfeited to the state — what law governs.**

4. The rights of the purchaser of lands, forfeited to the state for non-payment of taxes before the enactment of chapter 2, Laws of 1902, and sold to him before the Revised Laws of 1905 went into effect, are governed by the law in force prior to 1902, and, where a defective notice of the time to redeem has been given, such purchaser may give a new and proper notice and thereby perfect his title unless redemption be made.

Action in the district court for St. Louis county to determine adverse claims to vacant and unoccupied real estate. The answer alleged that defendant was the owner in fee of all the lands described in the complaint and that plaintiff had no interest therein, except a possible lien for taxes. The case was tried before Ensign, J., who made findings and ordered judgment in favor of defendant quieting title to each parcel of land described, free from any lien or interest therein on the part of plaintiff, and enjoining plaintiff from prosecuting any claim of lien for taxes or otherwise against the land. Plaintiff's motion for additional findings was denied. Plaintiff's motion for a new trial was denied. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Reversed.

*H. H. Phelps,* for appellant.

*Daniel G. Cash* and *John B. Richards,* for respondent.

TAYLOR, C.

This is an action to determine adverse claims to three separate parcels of real estate. Plaintiff claims under tax titles; defendant under the original or patent title. Judgment was rendered in favor of defendant and plaintiff appealed therefrom. The three tracts of land in controversy were bid in for the state at the tax sale held on May 2, 1892, for the taxes of 1890. No redemption was made and the lands became forfeited to the state. Two of the tracts were sold to plaintiff on December 28, 1905, under the law providing for the sale of such forfeited lands. In connection with these sales, no-

tice of the expiration of the time for redemption was issued and served as to both tracts. These notices were identical in form, except as to description of the land, and the first question presented is whether they were sufficient to divest the landowner of his title. They must comply with the law as it existed at the time the lands were sold to plaintiff. Johnson v. Fraser, 112 Minn. 126, 127 N. W. 474, 128 N. W. 676. The law then in force was chapter 270, p. 406, Laws of 1905.

Plaintiff contends that this law, which provides: "The time for redemption from any tax sale, whether made to the state or to a private person, shall not expire until notice of expiration of redemption as provided in section 47, chapter 2, Laws of 1902, shall have been given," does not require that the notice be in the form prescribed by section 47, chapter 2, p. 26, Laws of 1902, while defendant contends that it must substantially comply therewith. In Lawton v. Barker, 105 Minn. 102, 117 N. W. 249, it was held that a notice issued under said section 47 must give the information indicated by the form appended thereto. The statute above quoted requires the notice to be given as provided by that section, and, in the absence of any provision to the contrary, it necessarily follows that the notice must be a notice which is sufficient under that section. As the notices in question are subject to objections held fatal in Lawton v. Barker, supra, they are void and did not divest the owner of his title.

The third tract was sold to plaintiff on July 2, 1901, under and pursuant to the provisions of chapter 339, p. 557, Laws of 1901, providing for the sale of lands which had become and still remained the absolute property of the state, through judgments for "taxes of the year 1895 and prior years." Thereafter, and before giving the notice of the expiration of the time for redemption, plaintiff paid delinquent taxes on the land for years subsequent to 1895. These subsequent delinquent taxes paid by plaintiff were not included in the notice, and the question presented is whether the notice is defective by reason of such omission.

It is to be noted at the outset that the sales provided for by the law in question rest upon the judgments previously entered under

the general tax laws. No other or further judgment was contemplated. We think it clear that the act must be construed in connection with and as merely supplemental to the general tax laws. Under the general tax laws, to redeem lands not forfeited to the state, the amount paid for the tax certificate, all unpaid subsequent delinquent taxes, and all subsequent delinquent taxes paid by the holder of the tax certificate, together with interest, penalties, and costs, must be paid. Section 1602, G. S. 1894; Midland Co. v. Eby, 89 Minn. 27, 93 N. W. 707; Jenswold v. Minnesota Canal Co. 93 Minn. 382, 101 N. W. 603. To redeem lands forfeited to the state, "the amount due thereon" must be paid. "The amount due thereon" included all taxes which were past due. Section 1616, G. S. 1894; Hoyt v. Chapin, 85 Minn. 524, 89 N. W. 850; Chadbourne v. Hartz, 93 Minn. 233, 101 N. W. 68; Olson v. Cash, 98 Minn. 4, 107 N. W. 557. In the syllabus to State v. Butler, 89 Minn. 220, 94 N. W. 688, it is said: "Under a sale made pursuant to G. S. 1894, sections 1616, 1617, where the land forfeited to the state is sold for less than prior tax judgments, penalties, and costs, the amount required to redeem from such sale is the sum paid by the purchaser, with interest, costs, *and subsequent taxes.*"

Under the law as it stood prior to the enactment of chapter 339, p. 557, Laws of 1901, where forfeited lands were sold for less than the amount chargeable against them, the owner could redeem by paying the subsequent taxes with interest upon those delinquent and the amount with interest paid by the purchaser, although such amount was less than the amount of taxes thereby extinguished. State v. Johnson, 83 Minn. 496, 86 N. W. 610; State v. Butler, supra. Chapter 339 expressly changed the rule relating to the taxes included in the sale to the purchaser, by requiring the owner, in order to redeem, to pay the full amount of such taxes, although the sale may have been made for less than that amount; but made no change in the requirement that in addition thereto he must also pay the subsequent taxes. This is apparent from the terms of the act. The manifest purpose was not to lessen but to increase the amount which the former law required the redemptioner to pay. It had long been the policy of the law to require the payment of subsequent

taxes, at least of those delinquent, in order to redeem; and the act in question, instead of indicating an intent to abandon that policy, shows plainly an intention to continue it. It discloses no intention to release any rights which the state possessed. State v. Ward, 79 Minn. 362, 82 N. W. 686. It provides that the lien of the state for subsequent taxes "shall in no way be affected by any sale made under the provisions of this act;" that, out of the amount paid for redemption, the amount of subsequent delinquent taxes paid by the purchaser shall be repaid to him with interest thereon; that, in case notice of expiration of redemption be given, and no redemption be made, the purchaser shall pay all subsequent taxes before recording his certificate; and that all lands bid in for the state at the sale provided for therein shall be disposed of as provided in section 1616, G. S. 1894. Redemption could not be made without paying the subsequent delinquent taxes paid by plaintiff, and the failure to include such taxes in the notice rendered it fatally defective.

It is contended that plaintiff's right to enforce his tax certificates against the land by the service of new notices is barred by chapter 271, p. 407, Laws of 1905. This law, as pointed out in Downing v. Lucy, 121 Minn. 301, 141 N. W. 183, is not of general application as a general statute of limitations, but "simply cuts off the right to perfect title by short foreclosure," in the cases therein specified. This law, by its terms, confines the limitations therein enacted to certificates of "tax judgment sale issued to an actual purchaser," and to state assignment certificates "issued under the provisions of section 1601 of the General Statutes of 1894," and to notices of expiration of the time for redemption issued upon such certificates. It does not purport to apply to the certificates or deeds executed upon the sale of lands forfeited to the state. It fixes the time at which the limitation shall begin to run as "the date of the tax judgment sale," pursuant to which the certificate was issued. As the notice of expiration of the period for redemption is not given, as to forfeited lands, until such lands are sold to an actual purchaser, it is apparent that this law could not well apply to such sales. If it were to apply to such sales, the right to perfect title,

as to all lands bid in for the state more than six years before its passage, would expire on January 1, 1906, and, as the purchaser acquires no lien on account of the taxes embraced in tax sales made prior to 1902, as pointed out in Byers v. Minnesota Commercial Loan Co. 118 Minn. 267, 136 N. W. 880, the state would find no purchasers for lands unsold on January 1, 1906, and forfeited to it under tax judgment sales which occurred more than six years prior thereto.

For many years it has been the policy of the law to remove all limitations upon the right of the state to enforce the collection of its revenues, and, in accordance therewith, the legislature carefully restricted the limitations of chapter 271 to certificates issued to purchasers before the land became forfeited to the state, and to notices of expiration of the time for redemption issued thereon. The limitations imposed did not affect lands forfeited to the state, and, as to such lands, the time for giving notice of the expiration of the time for redemption remained unlimited.

The three tracts of land in controversy were bid in for the state at the tax sale of 1892, and had become forfeited to the state prior to the passage of chapter 2 of the Laws of 1902. They were sold to plaintiff before the Revised Laws of 1905 went into effect. The provisions of chapter 2, Laws of 1902, did not apply to lands previously forfeited to the state, and plaintiff's rights are measured and determined by the prior law. Stein v. Hanson, 99 Minn. 387, 109 N. W. 821; Byers v. Minnesota Commercial Loan Co. 118 Minn. 266, 267, 136 N. W. 880; Section 936, R. L. 1905, applies to lands previously forfeited to the state, as pointed out in Hage v. St. Paul Land & Mortgage Co. 107 Minn. 350, 120 N. W. 298, but that section has no bearing upon the case at bar, for the reason that the sale to plaintiff had been made before it went into effect.

Under the law governing his tax titles, plaintiff has the right to give a new and proper notice of the expiration of the time for redemption, and thereby perfect his title unless redemption be made. Byers v. Minnesota Commercial Loan Co. 118 Minn. 266, 267, 136 N. W. 880; Flanagan v. City of St. Paul, 65 Minn. 347, 68 N. W. 47; Berglund v. Graves, 72 Minn. 148, 75 N. W. 118;

Merchants Realty Co. v. City of St. Paul, 77 Minn. 343, 79 N. W. 1040.

The printing of *as* for *is* in the printed form of the tax judgment is so obviously a typographical error that we think it should be disregarded.

Judgment reversed.